THE STATE v. WALTER BISHOP, Appellant.

### Division Two, December 13, 1910.

1. **VERDICT: General and Special: When Sufficient: In Criminal Case.** A general verdict in a criminal case, finding the defendant guilty as charged, or guilty as charged in the information, is sufficient. But it is always within the province of a jury to return a special verdict finding the facts constituting the offense, but in such case the verdict must find all the essential elements of the offense, or it will be invalid. A verdict reading,"We, the jury, find the defendant guilty of felonious assault with malice as charged in the information, and assess," etc., under an information charging a felonious assault on purpose and of malice aforethought, is a general verdict, and the use of the words "felonious assault with malice," while unnecessary, did not have the effect of changing the verdict from a general to a special one.

2. **INFORMATION: Preliminary Hearing: Waiver.** It is not necessary that the record on appeal affirmatively show that defendant was accorded a preliminary hearing. Unless it appears from the record that at the trial he raised the objection that he had been denied a preliminary hearing and saved exceptions to the court's ruling thereon, he will be held on appeal to have waived his right to such a hearing.

3. **CONTINUANCE:** Facts Absent Witnesses Would Testify. Where the application for a continuance is based on the absence of witnesses, and the facts they would testify to if present, as set forth therein, are plainly hearsay and would not be admissible if the witnesses were present, it is not error to overrule the application.

4. ————: **Application:** Preserved in Record Proper. The action of the court in overruling an application for a continuance is a matter of exception, and hence the application should appear in the bill of exceptions, and if preserved only in the record proper cannot be considered on appeal.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurman,* Judge.

AFFIRMED.

*Elliott W. Major,* Attorney-General, and *John M. Dawson,* Assistant Attorney-General, for the State.

(1) The verdict is definite, certain and responsive to the issues joined. (2) Where there is no probability that if the absent witness had appeared and testified, as stated in the affidavit for continuance, it would have changed the result of the trial, the trial court cannot be convicted of error in overruling the application for continuance. State v. Temple, 194 Mo. 250; State v. Worrell, 25 Mo. 256; State v. Kindred, 148 Mo. 281. The affidavit for continuance was incomplete. It did not state or inform the trial court of the name of the witness who, in the conversation with the two absent witnesses, stated he had shot Webb. It left this name blank. The court's action in overruling the motion for continuance should be upheld upon this ground alone, if for no other, for the application for continuance must be in good faith. State v. Detmar, 124 Mo. 426; State v. Horn, 209 Mo. 452. The appellant produced three witnesses, Fred Butler, Harrison Baker and Dodie James, who testified that they heard Tom McGuire admit he shot Webb, and one of these witnesses, Harrison Baker, testified that he heard Tom McGuire

make the admission in the presence of Fred Bruton and Charles Bruton, the two witnesses upon whose absence the application for continuance was founded. Therefore, this fact of admission by McGuire was proved in the trial by three other witnesses, and had Charlie and Fred Bruton been present and testified the result of the trial would not have been changed. Freliegh v. State, 8 Mo. 606; State v. Hays, 24 Mo. 369; State v. Clark, 147 Mo. 20. The question of a continuance is a matter resting, to a large extent, within the discretion and judgment of the trial court, and unless it appears that the trial court has abused its judicial discretion, the appellate courts will not interfere. State v. Tettaton, 159 Mo. 354; State v. Webster, 152 Mo. 87. (3) In order to preserve the action of the trial court in overruling an application for a continuance, the same must be preserved in the bill of exceptions. State v. Gatlin, 170 Mo. 354; State v. Gordon, 196 Mo. 198. The application for continuance is not incorporated in the bill of exceptions. It is found in the record proper and cannot be reviewed by this court.

KENNISH, J.—Defendant was convicted in the circuit court of Vernon county of a felonious assault on purpose and of malice aforethought, made upon G. C. Webb, at said county, on the 10th day of November, 1908, by shooting the said Webb with a pistol. His punishment was assessed at imprisonment in the penitentiary for a term of three years. After the proper motions were filed and overruled judgment was pronounced and the defendant appealed to this court.

Thomas McGuire was jointly charged with defendant, but upon the application of McGuire a severance was granted, and a *nolle prosequi* was entered as to him before the commencement of the trial, in order that he might testify as a witness for the State.

The evidence for the State tended to prove that defendant and witness McGuire on the night of the 10th

day of November, 1908, were riding without permission on the platform of the blind baggage car on a passenger train of the Kansas City Southern Railway Company, running from Mena, Arkansas, to Kansas City, Missouri. They were discovered by the porter of the train at the town of Richards, in Vernon county, this State, and were ordered to get off, which they did, but went forward and got upon the car next to the tender. At the station of Stotesbury, in the same county, while the train was stopped, the porter and G. C. Webb, the latter a private detective of the railway company, went forward with a lantern and demanded of defendant and McGuire that they get off the train. McGuire complied promptly, and while Webb was giving attention to him the defendant, unobserved, jumped down and presented a revolver at Webb's breast and ordered him to throw up his hands. Webb obeyed and defendant backed him upon the platform, keeping the revolver close to Webb's body. The latter finally struck the defendant's arm, intending to knock the revolver out of his hand. The defendant immediately began shooting at Webb and the latter returned the fire. Webb was shot in the leg. The defendant and McGuire made their escape and were not apprehended until about six months thereafter.

The defendant was a witness in his own behalf and testified that he, instead of McGuire, got off the train first; that McGuire did the shooting and that he took no part whatever in the assault on Webb and the porter.

Appellant is not represented by counsel in this court and we have examined the record to ascertain what exceptions were taken at the trial to the rulings of the court and properly preserved for review on this appeal.

The motion in arrest of judgment strikes at the sufficiency of the information, the form of the verdict and the failure of the record to show that the defendant

had been accorded a preliminary examination before the information was filed against him.

The information is in accordance with approved forms and is not open to objection. [Kelley's Crim. Law and Prac., 576; State v. Bond, 191 Mo. 555.]

The verdict is as follows: "We, the jury, find the defendant guilty of felonious assault with malice as charged in the information, and assess his punishment at imprisonment in the penitentiary for a term of three years. F. B. Calloway, Foreman." A general verdict finding the defendant guilty as charged, or as charged in the information, when returned in response to an information charging one offense, is sufficient. [State v. Shour, 196 Mo. 202; State v. DeWitt, 186 Mo. 61; State v. Cook, 58 Mo. 546.] It is always within the province of the jury to return a special verdict finding the facts constituting the offense, and in such case the verdict must find all the essential elements of the offense or it will be invalid. [State v. DeWitt, supra, and cases cited; 1 Bishop's New Crim. Proc., sec. 1006.] In the case before us, omitting the words, "felonious assault with malice," the verdict is clearly general in form, and the use of those words, while unnecessary, did not have the effect of changing it from a general to a special verdict, and we hold the verdict responsive to the issues and sufficient. [State v. Williams, 191 Mo. 205; 1 Bishop's New Crim. Proc., sec. 1006.]

There is no merit in the contention that the defendant had not been accorded a preliminary examination before the filing of the information. It is not necessary that the record should affirmatively show that such right had been accorded. In order that the defendant may avail himself on appeal of his right to a preliminary examination it must appear in the record that the question was properly raised by him at the trial and exceptions saved to the adverse ruling of the court thereon. Such showing has not been made in this case and under the authority of the following decisions we

must hold that the defendant, if denied this right, has waived it and cannot be heard to complain: State v. Pritchett, 219 Mo. 696; State v. Jeffries, 210 Mo. 302; Ex parte McLaughlin, 210 Mo. 657; Ex parte Buckley, 215 Mo. 93.

The action of the court in overruling the defendant's application for a continuance is assigned as error. The application was based upon the ground of absent witnesses. The facts set forth in the application as the evidence expected to be obtained from the absent witnesses are plainly hearsay and would not have been admissible in evidence if the witnesses had been present at the trial, and for that reason the court properly overruled the application. Besides, the defendant is not in a position to complain of the ruling of the court for the reason that the application appears in the record proper only and is not included in the bill of exceptions. The action of the court in overruling an application for a continuance is a matter of exception and must be preserved in the bill of exceptions in order to be reviewable in this court. [State v. Gatlin, 170 Mo. 354; State v. Bates, 182 Mo. 70.]

We have carefully examined the record as to the numerous rulings of the court complained of in the giving and refusing of instructions and in the admission and exclusion of testimony, and finding no reversible error therein the judgment is affirmed. *Gantt, P. J.,* and *Burgess, J.,* concur.