## THE STATE v. IVORY HUDSON, Appellant.

Division Two, May 28, 1926.

1. **APPEAL:** Dismissal: No Motion. Although an appeal in a criminal case is not perfected within a year, it will not be dismissed in the absence of a motion by the Attorney-General asking for a dismissal.

2. **AUTOMOBILE:** Leaving Scene of Accident: Sufficient Evidence. Clear and substantial evidence that defendant ran his automobile into a herd of cattle on the left-hand side of a public road, striking a number of them, causing injury, and went on without stopping, although summoned to stop by their driver, and without reporting to the nearest police station, is sufficient to support a charge that he feloniously left the scene of the accident where injury to the property occurred by reason of a collision with his automobile.

3. ———: ———: Information: Description of Injured Property. An information, in the language of the statute (Sec. 27, Sub-div. (f) p. 103, Laws 1921, 1st Ex. Sess.), charging that defendant unlawfully and feloniously operated a motor vehicle on a public highway, and due to the culpability of said·defendant, or to accident, caused injury to property belonging to a named complainant, and thereafter, knowing that an injury had· been caused and damage done to property of said complainant, did unlawfully and feloniously leave the place of said injury, damage or accident without giving his name, residence or motor vehicle number, to the injured party, to-wit, said complainant, or reporting to the nearest police station, etc., is sufficient, without describing the injured property with particularity. The mention of injured property in the information is merely a description of the circumstances under which the offense was committed. The crime consists in leaving the scene of the accident after an injury to property has occurred, and the property, or its ownership, is merely incidental and not an essential element of the crime, and where such is the fact it is not necessary to allege with particularity the ownership or description of the property.

State v. Hudson.

4. ————: ,————: Instruction. An instruction which follows a sufficient information and the statute, is good as far as it goes; and if defendant desires a more particular finding as to the kind of injury or the kind of property injured in the collision of the automobile, he should ask an instruction requiring such a finding.

5. PUNISHMENT: Instruction: Imprisonment Not Less Than Two Years. Where the penalty for the offense as fixed by the statute is imprisonment in the Penitentiary for a term not exceeding five years, or confinement in the county jail for a term not exceeding one year, or by a fine not exceeding one hundred dollars, or by both such fine and imprisonment, an instruction authorizing the jury to assess the punishment at imprisonment in the Penitentiary "for a term of not less than two years, nor exceeding five years, or by confinement in the county jail not exceeding one year, or by a fine not exceeding one hundred dollars, or by both such fine and imprisonment," is entirely harmless, even if there could be a term in the Penitentiary for less than two years, where the verdict assessed the punishment at confinement in the county jail for one year and a fine of one hundred dollars.

6. INSTRUCTION: Culpability: Asked by Appellant. Whether a given instruction asked by the appellant alone was erroneous is a question not for consideration on appeal.

Corpus Juris-Cyc. References: Criminal Law, 16 C. J., Section 2501, p. 1059, n. 42; 17 C. J., Section 3508, p. 192, n. 38 New; Section 3556, p. 210, n. 94; Section 3700, p. 345, n. 42; Section 3729, p. 359, n. 64. Indictment and Information, 31 C. J., Section 275, p. 731, n. 89, 93 New; Section 550, p. 878, n. 77 New. Motor Vehicles, 28 Cyc., p. 49, n. 56, 57; p. 50, n. 58.

Appeal from Boone Circuit Court.—*Hon. David H. Harris, Judge.*

AFFIRMED.

*Frank M. Liston* for appellant.

(1) The giving of Instruction 1 on behalf of the State was error. This instruction misdirected the jury as to the range of punishment which the instruction informed the jury they should assess in the event they found the defendant guilty. Section 3709, R. S. 1919; Laws 1921, p. 284a, sec. 3248; State v. Sands, 77 Mo. 118; State v. McNally, 87 Mo. 658; State v. Tull, 119 Mo. 421; State v. Snyder, 98 Mo. 559; State v. Britton, 183 S. W.

295; State v. Harrel, 97 Mo. 105. (2) If the court undertakes to instruct upon a question of law, such question must fully cover the proposition, as much so as if the defendant has requested it. Instruction 1 did not state what was damaged or injured. State v. Harris, 232 Mo. 317. (3) The giving of Instruction C on behalf of the defendant was error. This instruction, sub-section 3, reads: ''that said injury was solely and directly due to the culpability that is, the wilful negligence or carelessness, of the defendant, or to an accident for which neither the defendant nor the witness Reid was responsible.'' This statement requires explanation or qualification, and is confusing or misleading. Beanton v. United States, 213 Fed. 320; Hooper v. State, 106 Ala. 41; State v. Heed, 57 Mo. 252; State v. Bond, 191 Mo. 555; State v. Conway, 241 Mo. 271; State v. Tevis, 234 Mo. 276; State v. Goodale, 210 Mo. 275.; State v. Brown, 209 Mo. 413.

*North T. Gentry,* Attorney-General, and *J. Henry Caruthers,* Assistant Attorney-General, for respondent.

The information sufficiently charges the appellant with leaving the scene where injury and damage was done by an automobile without giving his name, residence and motor number to the injured party. Subdivision f, Sec. 27, Laws 1921, 1st Ex. Sess., p. 103.

WHITE, J.—By information filed in the Circuit Court of Boone County the defendant was charged with feloniously leaving the scene of the accident where injury to property occurred by reason of a collision with his automobile, and June 5, 1925, he was found guilty by a jury and his punishment assessed at a fine of $100 and twelve months' imprisonment in the county jail. He thereupon appealed to this court.

Evidence offered by the State shows that December 6, 1924, one R. P. Reid and his son, on horseback, were driving a herd of cattle from Columbia to his farm about

six miles east of that city. Reid testified that when he got about four miles east of Columbia with his cattle, forty-two head in number, he was on the left-hand side of the road near the head of the herd, which was strung along the road on the right-hand side, and his son was driving the cattle from the rear. The road was wide enough to provide a good passway on the north side of his herd. An automobile coming from the east on the south side of the road drove straight into his cattle and struck a number of them. Two of them were knocked down, and one of them so severely injured that it later died. As soon as the automobile struck the cattle Reid called to the driver three times, asking him to stop. The driver did not stop, but kept going. As the car passed Reid he struck and broke in the windshield with a switch which he had in his hand. After the car had passed the cattle, the driver shot twice in the direction of Reid. Near the place, about a hundred yards away, was the home of one Baumgartner, whither Reid went and telephoned the police in Columbia informing them of the incident.

On cross-examination defendant's counsel, for the purpose of indentification, had Mr. Reid to say that he had a civil action pending against the defendant for damages on account of the injury about which he testified, and also that another criminal action, growing out of the same incident, was pending against the defendant. Reid testified further that he did not know whether the occupants of the car were black or white.

Charles Reid, the son, swore to substantially the same facts in relation to the incident. He was driving from the rear, while his father was toward the front, riding along by the side of the herd with only ten or twelve cattle ahead of him. He said that the car of the defendant did not keep to the right-hand side of the road which was clear, but kept to the left-hand side, ran into and struck the cattle, and did not stop. After the car had passed witness, the driver fired two shots in his direction.

L. T. Hopper, Assistant Chief of Police of Columbia, called as a witness for the State, testified that he received a telephone call from R. P. Reid; that he and Policeman King got into a police car, drove to the bridge east of town, and stopped the defendant when he approached in his automobile. He found a revolver on the front seat of the car. The left fender on defendant's car was bent, the left light turned and knocked out of its regular position, and the windshield broken. Policeman King corroborated the statements of Chief Hopper.

The defendant testified that it was dark and foggy; when he discovered the cattle in front of his car he stopped, turned his lights to dim and killed his engine; he heard a voice from some distance, but could not distinguish what was said. Then a man rode up on horseback and asked him why in the hell he didn't come on through, and applied offensive epithets to him and to his wife. The defendant was frightened, got out his gun, stuck it outside the curtain on the left side opposite from where Reid was and fired two shots. Then Reid disappeared. The defendant remained for some time at the spot. The effect of his testimony was that he did not run away from the scene of the accident, but that Reid, in response to his shots, did run away. He said some of the cattle bumped his car, but not hard enough to hurt them or the car. He got out of his car and took out the broken glass and threw it to one side. He also took time to bind the wounds of his wife caused by the broken glass. He was corroborated by her testimony. She said further that she had a hemorrhage followed by a miscarriage. The defendant was permitted to testify to abusive language used by the policeman when he was arrested, all of which was denied by the policeman. The trial court was very liberal in permitting a wide latitude in the introduction of such testimony by the defendant. The officers swore that the wife of the defendant made no complaint, and did not appear to be sick at the time of the arrest.

We have stated the evidence at some length because of the complaint that defendant's demurrer to the evidence should have been sustained.

I. The Attorney-General demands that this court consider only the record proper, because the appeal was **Dismissal.** taken February 3, 1925; while a transcript of record proper was filed in due time, the bill of exceptions was not filed in this court until April 12, 1926, more than a year after the allowance of the appeal.

In the case of State v. Yates, 256 S. W. 809, we held that where an appeal was not perfected within the year we would not dismiss the appeal in the absence of a motion by the Attorney-General asking such ruling under Section 4107, Revised Statutes 1919. That ruling would apply to this case even if the abstract of the record proper, as well as the bill of exceptions, had arrived here after the expiration of a year. Besides, counsel for appellant files in this court a letter addressed to him April 9, 1926, wherein the Attorney-General tells him it is not appellant's fault that the bill of exceptions was misplaced and not forwarded to the Supreme Court, and that no objection should be made to the consideration of the evidence. In the crowded business of the Attorney-General's office this letter was overlooked when the case was presented. Under the circumstances the appellant is entitled to a hearing on the merits of his case.

II. The defendant offered a demurrer to the evidence which the trial court overruled, and assigns error to that ruling. The evidence was clear and substantial in support of the charge. In fact it appears to us **Sufficient Evidence.** that the weight of evidence showed the defendant recklessly ran into Reid's herd of cattle, causing injury, and went on without stopping; that he did not report to the police at the bridge until intercepted and taken into custody.

III.    Appellant assigns error to the giving of Instruction 1, by the State, and objects to the information for the same alleged infirmity which he finds in the instruction.    The information, in the language of the statute, Section 27, Laws 1921, 1st Ex. Sess., page 103, Subdivision (f), avers that the defendant unlawfully and feloniously operated a motor vehicle upon the public highway, "and due to the culpability of said Ivory Hudson, or to accident, caused injury to property belonging to one R. P. Reid, and thereafter knowing that an injury had been caused and damage done to property of said R. P. Reid, did unlawfully and feloniously leave the place of said injury, damage or accident without giving his name, residence and motor vehicle number, to the injured party, to-wit, said R. P. Reid, or reporting to the nearest police station," etc.

*Information.*

This is substantially in the language of the statute, but appellant claims the information is defective because it does not describe with particularity the property injured.    The argument is that the offense charged is injuring property and leaving the scene of the accident. The mention of injured property in the information is merely a description of the circumstances under which the crime was committed.    The crime consists in leaving the scene of the accident.    In case of embezzlement or larceny the property alleged to be embezzled or stolen must be described with reasonable certainty, so that the defendant may know what particular property he is charged to have embezzled or stolen. [State v. Fischer, 297 Mo. l. c. 172; 31 C. J. 731.]    But it will be noted in reading these authorities that the property which is the subject of the offense must be described.    Where property, or the ownership of property, is merely incidental and not an essential element of the crime which is charged in the information, it is not necessary to allege with particularity the ownership or description of the property.    The offense here is leaving the scene of the accident after an injury to property has occurred.    It does not matter whether the person leaving the scene

caused the injury by a culpable act, or whether it occurred through pure accident. It does not matter what kind of property it is. It is no more necessary to describe the particular injury caused to the property than it is to describe the particular point in the road where it occurred. In State v. Linders, 299 Mo. 1. c. 678-679, in a charge of burglary under Section 4520, Revised Statutes 1909, where the offense consisted in breaking into a store where "goods, wares, merchandise or other valuable things were kept or deposited," it was held that the failure to describe more particularly the kind of goods which were kept or deposited in the building was not fatal to the indictment, after verdict. The offense consisted in breaking into the place, and the mention of it being a place where goods and wares were kept was merely descriptive of the place where the offense could be committed. The defendant was sufficiently informed of the charge without more particularity in description. In the present case there was no motion filed to quash, or other attack upon the information. It was good after verdict.

The same objection is made to Instruction 1, which follows the information in describing the injury to property. The instruction was entirely correct, as far as it went. If the defendant desired a more particular finding as to the kind of injury shown by the evidence, he should have asked an instruction to that effect. He failed to do so.

III. It is further objected to Instruction 1 that it authorized the jury, if they found the defendant guilty, to assess his punishment at imprisonment in the penitentiary "for a term of not less than two years, nor exceeding five years, or by confinement in the county jail not exceeding one year, or by a fine not exceeding one hundred dollars, or by both such fine and imprisonment."

Punishment.

The penalty for the offense (Laws 1921, 1st Ex. Sess., p. 105, sec. 29, clause (c)) is imprisonment in the

penitentiary for a term not exceeding five years, or confinement in the county jail for a term not exceeding one year, or by a fine not exceeding one hundred dollars, or by both such fine and imprisonment. 'The objection is that the instruction fixed a minimum punishment of two years in the penitentiary, whereas the statute has no minimum, but it is any term within five years. Even if there could be a term in the penitentiary for less than two years, the instruction was entirely harmless, because the jury returned a verdict assessing the punishment at a year in jail and a hundred-dollar fine.

Appellant cites the case of State v. Tull, 119 Mo. 421. There it was held that an instruction which erroneously directed the jury regarding the punishment, fixing it higher than the statute permitted, was cured where the court reduced the punishment assessed in the verdict to the amount required by law. In this case it was not necessary for the court to take that action, because the jury disregarded the instruction in relation to the higher punishment, and fixed the punishment within the provision of the statute.

IV. The defendant assigns error to an instruction which required the jury, in order to hold the defendant guilty, to find that the injury was solely and directly due to culpability, or to an accident for which neither the defendant nor the witness Reid was responsible. The record shows that the only instruction in which that occurs was given on behalf of the defendant. We assume that it was asked by the defendant, otherwise the court would not have given it. The statute (Sec. 3908, R. S. 1919) declares that no trial, judgment or other proceeding shall be stayed, arrested, or in any manner affected "for any error committed at the instance or in favor of the defendant."

The judgment accordingly is affirmed. All concur.