THE STATE v. SHERMAN TIPPETT, Appellant.—296 S. W. 132.

Division Two, June 3, 1927.

1. **WITNESS: Rehabilitation.** When an attempt has been made to prove that a witness has testified under improper motives or influences, the party whose witness he is may show that he made similar statements to his trial statements before he could have been affected by such influences or inducements.

2. ————: ————: **Statements Made after Inducements.** Statements made by the witness after promises of lighter punishment, or after improper inducements or motives became influential upon his mind, cannot be used to rehabilitate his testimony at the trial; and the burden is on the State to show that such rehabilitating statements were made before the improper influences or inducements were exerted, and unless the State so shows the admission of them is error.

3. **VERDICT: As Charged.** A verdict reading that "we the jury find the defendant guilty as charged in the first count of the information and we assess his punishment at four years' imprisonment in the penitentiary" responds to the charge, and does not require a reference to the information to determine what the finding is.

4. **ASSIGNMENTS: Instructions.** Assignments that the court erred in giving certain instructions, and in refusing certain other instructions, mentioning them by number only, are too general.

5. ————: **Argument to Jury.** The remarks of the prosecuting attorney in his argument to the jury are not subject to consideration on appeal, unless they are set forth with particularity in the motion for a new trial.

6. **AUTOMOBILE: Failure to Report Accident: Sufficient Evidence.** Testimony by all the police and judicial officials in the near-by towns that defendant did not report the accident, together with the facts and circumstances tending to show that he fled and later attempted to conceal any connection therewith, is sufficient to make a case for the jury in support of an information charging him with leaving the scene of the accident without stopping or giving his name and residence and without reporting to a police station or judicial officer, after running his automobile against and killing a man on the public highway.

7. ————: ————: **Information: In Language of Statute.** An information charging, in the language of the statute, that defendant left the scene of the accident, after running his automobile against and killing a man on the public highway, without stopping and giving his name and residence and without reporting to a police station or judicial officer, is sufficient.

**8. EVIDENCE: Inspection of Document: Materiality.** The defendant, charged with a felony, is entitled to inspect a material document in the possession of the State relating to the crime. And in the trial of a defendant, charged with leaving the scene of the accident, after running his automobile upon and killing a man on a public highway, without reporting to a police station or judicial officer, a motion requesting the right to inspect a written statement made by a witness for the State who accompanied the defendant at the time of the accident and in the possession of the prosecuting attorney, shows on its face that the statement may be material at the trial.

**9. JUROR: Challenge: Qualification.** It cannot be held that the court erred in refusing to sustain a challenge for cause to a juror, where it does not appear by whom his name was struck off. Besides, a juror who on his voir dire examination states that he will not find the defendant guilty unless he believes beyond a reasonable doubt that the facts establish his guilt, is not shown to be incompetent.

**10. INFORMATION: Amendment: After Change of Venue.** An amended information may be filed in the court of the county to which the case has been taken by change of venue.

**11. ———: ———: Departure: In Form or Substance: Culpably and Accidentally.** Under the statute (Sec. 3853, R. S. 1919) an amendment of an information in matter of form or substance may be made at any time before trial by leave of court. Where the information charged in one count that the defendant accidentally, and in another that he culpably, ran his automobile against a man on a public highway, and left the scene of the accident without stopping or reporting the same to a police station or judicial officer, an amended information, charging in one count that he accidentally and culpably ran his automobile, etc., filed by permission of court, was not a departure, the offense being the leaving the scene without stopping or reporting, and it being therefore immaterial whether it was accidentally or culpably done.

**12. MOTOR VEHICLE ACT: Constitutionality: Enactment at Special Session: Governor's Message.** In view of the rule that a statute is not to be held unconstitutional unless clearly so, and that every fair and reasonable intendment in favor of its constitutionality is presumed, Subdivision (f) of Section 27 of the Motor Vehicle Act enacted at the special session of the Legislature in 1921 and providing that no person operating an automobile shall leave the place of injury without giving his name and residence or reporting the accident to a police station or judicial officer, must be held to come within the purview of the special message of the Governor submitting "the subject of regulating and licensing motor vehicles."

**13. EVIDENCE: Statements and Acts after Accident.** In the trial of defendant charged with leaving the scene without stopping or reporting the accident after his automobile had struck and killed a man on the public highway, the admission of evidence of what he did and said to his companion after the accident, to-wit, "We can't afford to stop now; they would hang me and you both; they've got it in for me, you know," is not only proper, but if the motion for a new trial does not assign its admission as error the propriety of its admission is not for further consideration on appeal.

**14. ———: ———: Attempt to Destroy Evidence.** In the trial of a defendant for leaving the scene of the accident, after his automobile had struck and killed a man on the public highway, without stopping or reporting the injury to officers, testimony relating to the acts of a third party in compelling defendant's companion in the automobile, at the point of a pistol,

to accompany him to defendant's presence, and in driving them to Tennessee and there buying the companion a ticket to New Mexico and telling him that they wanted him to leave the country, given at a time when the calling of such companion as a State's witness was in contemplation, is admissible as tending to show defendant's guilt, for it tends to show that he was a party to such acts.

---

Corpus Juris-Cyc. References: **Criminal Law**, 16 C. J., Section 978, p. 525, n. 53; Section 1075, p. 555, n. 27; Section 1243, p. 626, n. 80; Section 2599, p. 1109, n. 52; 17 C. J., Section 3342, p. 77, n. 34; Section 3352, p. 91, n. 79; Section 3485, p. 184, n. 77; Section 3580, p. 238, n. 26; Section 3633, p. 293, n. 47. **Indictments and Informations**, 31 C. J., Section 424, p. 827, n. 97. **Motor Vehicles**, 42 C. J., Section 1453, p. 1386, n. 50. **Statutes**, 36 Cyc., p. 944, n. 41. **Witnesses**, 40 Cyc., p. 2789, n. 41.

Appeal from Dunklin Circuit Court.—*Hon. E. P. Dorris,* Special Judge.

REVERSED AND REMANDED.

*Alexander & Coffer, Munger & Munger* and *Smith & Zimmerman* for appellant.

(1) The defendant's demurrer was well taken. (a) The first count of the information failed to state facts sufficient to constitute an offense. Subdiv. (f), Sec. 27, Laws 1921 (Ex. Sess.) p. 103; State v. Barnes, 280 Mo. 514, 220 S. W. 848; State v. Asher, 216 S. W. 1013. (b) The law on which it is bottomed is unconstitutional. Secs. 28, 55, Art. 4, Mo. Constitution; Wells v. Railroad, 110 Mo. 286; Stocks v. Edwards, 244 S. W. 806. (c) The evidence failed to prove beyond a reasonable doubt that defendant did not report the accident to some police officer or judicial officer. Sec. 241, Kelly's Cr. Law & Prac. (3 Ed.). (d) The second amended information was a departure from the original information and the first amended information, neither of which charged an offense of leaving the scene of accident. Sec. 3908a, Laws 1925, p. 195. (e) The alleged second amended information was filed in Dunklin County when the alleged offense was committed in Stoddard County. State v. Bartlett, 170 Mo. 658; State v. Moore, 272 S. W. 710, 59 L. R. A. 756. (2) The verdict of the jury is not in legal form. (a) It is not in response to the charge in the second amended information. State v. Randolph, 186 S. W. 592; State v. Langford, 293 Mo. 436. (b) It refers back to "some pleading" to determine its finding. State v. Randolph, supra; Kelly's Cr. L. & Prac. (3 Ed.) sec. 406, note 443. (c) It will not legally support the judgment of the court. State v. Bishop, 231 Mo. 441. (3) The motion to quash the second amended information should have been sustained. The purported law on which it was based is unconstitutional and void. Authorities under point one. The courts ju-

317 Mo. Sup.—21.

dicially notice contents of messages of the executive. Wells v. Railroad, 110 Mo. 286. (4) The admission of statements of Tucker, made to witnesses, Crane, Barham, Pretzsch and others, out of the presence and hearing of the defendant was reversible error. 1 Wharton Cr. Ev. (10 Ed.) 448, secs. 222, 225; Wharton Evid., sec 172, et seq.; State v. Loeb, 190 S. W. 299; State v. Blackburn, 273 Mo. 469; State v. Woodward, 191 Mo. 617. (5) The court should have compelled the prosecuting attorney to permit counsel for defendant to be advised as to the statement of witness Tucker. Kelly's Cr. Law & Prac. (3 Ed.) sec. 373, note 111; Underhills Cr. Ev. (3 Ed.) sec. 396. (6) The court erred in not excusing juror Sanford. Sec. 4014, R. S. 1919. (7) Admission of evidence as to what defendant did and said after the accident was prejudicial error. Not *res gestae.* Defendant was charged only with a statutory crime. Motive, intent, etc., are not elements. Underhill's Cr. Ev. (3 Ed.) secs. 150, 153, note 75; State v. Mohr, 289 S. W. 554; State v. Preslar, 290 S. W. 142.

*North T. Gentry,* Attorney-General, and *A. B. Lowan,* Assistant Attorney-General, for respondent.

(1) The information is in the language of the statute and is sufficient. Laws 1921 (Ex. Sess.) sec. 27, (f) p. 103; State v. Hudson, 285 S. W. 735. (2) It is the law now that an information may be amended after a change of venue has been taken in the case. Sec. 3853, R. S. 1919; Sec. 3908A, Laws 1925, p. 195; State v. Dickson, 253 S. W. 746; State v. Rennison, 267 S. W. 850. (3) The court was right in overruling the demurrer to the evidence. There is no conflict in the testimony to the effect that the defendant drove his car against Fitzpatrick and, knowing that he had done so, left the scene of the accident without stopping and giving his name and without reporting to an officer. There being substantial evidence in support of the charge against the defendant, this court will not disturb the verdict of the jury. State v. Concelia, 250 Mo. 424; State v. Field, 262 Mo. 164; State v. Renfro, 279 W. 704; State v. Maurer, 255 Mo. 168. (4) In the motion for a new trial the appellant complains that the court permitted certain witnesses to testify that the witness Tucker had told them that the defendant was driving the car that ran against Fitzpatrick and killed him. The court admitted this testimony on the theory that the defendant had shown on cross-examination of some witnesses that Tucker had denied that the defendant was driving the car and because of that testimony the State had the right to show that the witness Tucker had told others that the defendant did drive the car. Whether that theory is right or not, such testimony could not possibly be preju-

dicial to the defendant because the witness Tucker testified in the case and said that the defendant was driving the car that ran against Fitzpatrick. It is only for prejudicial errors that this court will reverse a case. (5) The defendant was connected with the incident by the testimony that Hardesty and the defendant took the witness Tucker to Memphis and put him on the train there, bound for a distant point, and that the defendant told him to stay out of the State. In view of the last-mentioned testimony, the showing of what Hardesty did, could not have been prejudicial to the defendant. State v. Sherman, 175 S. W. 74; State v. Anglin, 222 S. W. 77. (6) An order refusing to permit defendant and his counsel to examine the written and signed statement of witness Tucker, made at the time of the preliminary hearing of said Tucker on the same charge upon which defendant was tried, was not error. The signed statement was not put in evidence and the prosecuting attorney stated at the time the motion was made that he did not intend to use it. (7) The authorities cited by the appellant thoroughly sustain the verdict. State v. Bishop, 231 Mo. 415.

DAVIS, C.—In a verified information filed in the Circuit Court of Stoddard County, defendant was charged with leaving the scene of the accident without stopping and giving his name and residence and without reporting to a police station or judicial officer, after running his automobile against and killing one Fitzpatrick. Upon application of defendant, the venue was changed from Stoddard to Dunklin County, where a trial was had before the court and jury, resulting in a verdict of four years in the penitentiary, defendant appealing from the judgment and sentence entered thereon.

Defendant refused to introduce evidence, standing and relying on the lack of strength in the State's case. The State's testimony develops and warrants the following facts. On February 11, 1925, defendant, driving a Ford coupe, with one Curtis Tucker beside him, while traveling at a fast speed along Highway No. 25 in Stoddard County, about two miles north of Bernie, on the road from Bernie to Dexter, nine miles apart, ran into and killed one Fitzpatrick. When fifty or sixty feet away, Fitzpatrick suddenly moved from behind a truck, parked on the roadside, into the roadway, directly in the path of the on-coming car. Defendant tried to his utmost to avert striking the man, but, being unable to do so, sped on after the striking, failing to report the accident as required by the statute. The evidence tended to show that the accident was unavoidable. No one seems to have witnessed the occurrence except defendant and Tucker, the latter testifying on behalf of the State. Such other facts as are pertinent will be reviewed in the discussion of the issues involved.

I.  Defendant takes the position that the testimony of an im-
peached, contradicted or discredited witness may not be rehabilitated
by otherwise showing statements of the witness

**Rehabilitation.**   confirming his trial testimony.   This calls for a
compendium of the apposite evidence.

Both defendant and Tucker were arrested ten or eleven days after
the accident.  According to the sheriff, on the occasion of the arrest,
Tucker, being quizzed by the prosecuting attorney, denied any
knowledge of the accident.  The sheriff then stated that the prose-
cuting attorney said to Tucker that he would make it lighter on him
if he told the truth about it.  Tucker on the trial testified that de-
fendant was operating the Ford coupe at the time of the accident.
To rehabilitate his testimony, on the ground that it was sustaining
evidence, the trial court permitted C. A. Crane, a justice of the peace
and police judge of Dexter, to testify that Tucker stated that he
was with defendant who was driving the car that ran into and killed
Fitzpatrick.  The State made no attempt to show when Tucker's
statement was made to Crane.  Again, witness Pretzsch was per-
mitted to relate that Tucker told her that defendant was driving the
car that struck Fitzpatrick.  The question was asked, ''How long
was that after Fitzpatrick had been run over that he told you?'' and
the witness replied, ''On Friday night before you caught us on
Sunday.''

We have lately considered this question in State v. Creed, 299 Mo.
307, 252 S. W. 678.  We there held that it is a general rule of law
that the testimony of a contradicted, impeached or discredited wit-
ness cannot be confirmed by proving that he made similar declara-
tions out of court.  However, we recognized an exception to the
general rule, to the effect that the testimony of an accomplice in
crime may be corroborated by showing that when first arrested he
gave the same relation of facts which he had given on oath during
the trial.  Our statement of the exception, in the Creed case, was too
limited, for the exception is not confined to the statement made when
first arrested, but it should be extended to hold that when an attempt
has been made to prove or show that a witness is testifying under
improper motives or influences, then the party, whose witness he is,
may prove that he made statements similar to his trial statements
before he could have been affected by such influences, motives or in-
ducements.  [People v. Katz, 209 N. Y. 311, 1. c. 335 et seq.; State
v. Maggard, 250 Mo. 335, 157 S. W. 354.]

Crane's relation of the conversation had with Tucker fails to
develop the time of Tucker's statement to him.  It may have taken
place before the promise of lighter consequences by the prosecuting
attorney to him, and before any motive obtained, in which event
it was admissible; or, it may have occurred subsequent to the promise

of lighter consequences, after inducement and motive became influential and after a possibly subconscious mind engendered the will to bolster up desire, in which event it was inadmissible. The burden was on the State to develop facts bringing it within the exception, and, having failed to shoulder the burden, the admission of the rehabilitating evidence constituted error.

We are unable to definitely determine from the recital whether the rehabilitating evidence shown in the testimony of Mrs. Pretzsch occurred before or after the promise of *quasi*-immunity, although there were questions asked from which it might possibly be surmised that the conversation occurred before motive to fabricate became apparent. Be that as it may, no facts were developed in the testimony of witness Crane tending to show the time the conversation between Tucker and Crane took place. Even if we could say that the testimony of Mrs. Pretzsch was properly admitted, it did not obviate the vice and harm found in the testimony of Crane, for the surrounding facts and circumstances may have induced the jury to give credit to Crane's testimony alone. The crux of the ruling is summed up in the Creed case, supra, grounded on the ruling in Legere v. State, 111 Tenn. 368, reading: "In no case, so far as we have been able to discover, has corroborative testimony been admitted when it was to the interest of the witness to make a false statement." To hold evidence of this nature, without the exception, admissible, would announce to one having committed or intending to commit a crime that he may intentionally bolster his trial testimony by relating to subsequently called witnesses a version that would corroborate it, thereby giving it undue force and effect. This would open the flood gates and sanction testimony importing verity, gained by self-serving design.

II. Defendant attacks the verdict because it does not respond to the charge, because it refers to a pleading to determine its finding and because it fails to legally support the judgment of the **Verdict.** court. The verdict is as follows: "We the jury find the defendant guilty as charged in the first count of the information and we assess his punishment at four years' imprisonment in the penitentiary." There is no merit in the attack. [State v. Bishop, 231 Mo. 411, 133 S. W. 33.]

III. Defendant complains of the court's instructions given. The assignment avers error in giving to the jury instructions one to **Instructions.** eight, specifically mentioning each number. This assignment is too general, as we have held in a number of cases, to comply with Section 4079, Laws 1925, page 198. [State v. Standifer, 289 S. W. 856.] This ruling also applies to the instructions asked by defendant and refused by the court.

IV. Defendant charges the facts refused to show beyond a reasonable doubt that he failed to report the accident to some police or judicial officer. All the police and judicial officials, at Bernie, and

**Case for Jury.** a number at Dexter, the nearest towns, testified that defendant did not report the accident. Moreover, the facts and circumstances in evidence tend to show that he fled and later desired to conceal any connection therewith. We think, without doubt, the State made a case submissible to the jury.

V. Defendant charges the information failed to state facts sufficient to constitute an offense. We need not notice the information

**Information.** further in this regard than to state it follows the language of the statute. It conforms to the ruling in State v. Hudson, 285 S. W. 733, without being subject to the objection there made and overruled.

VI. Sometime after his arrest, Tucker, a contemplated witness for the State, gave the prosecuting attorney a written statement relative to the accident. Defendant filed a motion to inspect the state-

**Inspection of Document.** ment, which the court denied. The contemplated use was then disclaimed by the prosecuting attorney, nor was it used in the trial. The motion goes no further than requesting a rule on the prosecuting attorney to examine a written statement given him by Tucker relative to the accident and then in his possession. This was a document and provided it tended to impeach Tucker was admissible on the part of defendant for that purpose. The general rule denying the inspection of documents in the hands of an adverse party has been greatly relaxed in modern cases. In civil cases an inspection of documents in the hands of opposing parties, such as papers, contracts and corporation records, upon motion, have been allowed. The cases seem to hold that it is a matter of indifference whether the document to be examined may be of actual benefit to the party filing the motion to inspect. If from the motion the document may be material, the right of inspection obtains. In the instant case the request for inspection relates to a statement given by Tucker relative to Fitzpatrick losing his life on State Highway No. 25 north of Bernie. The motion then shows that the statement may be material. We are unable to perceive why the privilege should not obtain in a criminal case, although we have been unable to find an authority in point. However, State ex rel. v. Woods, 292 S. W. 1033, a civil case, has a bearing on the question. The prosecuting attorney is both an officer of the State and of the court, and his duty extends no further than an impartial, fair and just trial of defendant. If Tucker's statement comprised the truth, it would have availed defendant nothing in the inspection of it. If in any

manner it tended to show that defendant was not guilty of the offense charged, he was entitled to the benefit of it. That it was desired that the State's evidence remain undisclosed, partakes of the nature of a game rather than judicial procedure. The State in its might and power ought to be and is too jealous of according a defendant a fair and impartial trial to hinder him in intelligently preparing his defense and in availing himself of all competent material and relevant evidence that tends to throw light on the subject-matter on trial. Inasmuch as we reverse the judgment and remand the cause on another point, it is unnecessary to decide whether the ruling of the trial court on the record constituted prejudicial error. But we do hold that the right to inspect the statement obtained.

VII. Relative to the failure of the court to rebuke counsel, the remarks of the State's counsel, on argument to the jury, were not set forth with particularity in the motion for a new trial and the **Argument to Jury.** assignment is not, therefore, the subject of our consideration. We recommend to prosecuting attorneys, however, the virtue of hewing straight to the line, not only that defendant may be accorded a fair and impartial trial, but because a circumspect presentation of the case aids the trial court in its administration of justice and relieves the appellate court of the necessity of reversing judgments and remanding causes for manifestly prejudicial procedure.

VIII. Defendant charges the trial court with error in refusing to sustain a challenge for cause made by defendant as to juror Sanford. The juror was struck off, it does not appear by whom, and did not **Juror.** sit on the trial. Under these circumstances no error appears. Moreover, the juror on his *voir dire* examination stated that he would not find the defendant guilty unless he believed beyond a reasonable doubt that the facts established his guilt. This examination did not show him to be an incompetent juror. Under these circumstances his competency to sit was to be determined by the trial court. [State v. Cunningham, 100 Mo. 382, 12 S. W. 376.]

IX. In the Circuit Court of Stoddard County the prosecuting attorney filed an information and then a so-called amended information. In the Circuit Court of Dunklin County, after the change of venue, the court permitted, over the objection and **Amended Information.** exception of defendant, a second amended information to be filed. The error charged is the permitting of the second information to be filed in Dunklin County, after the change of venue, the crime occurring in Stoddard County. We have expressly ruled in late cases that an information may be amended,

under Section 3853, Revised Statutes 1919, designated the Statute of Jeofails, even after a change of venue awarded. [State v. Dixon, 253 S. W. 746; State v. Rennison, 267 S. W. 850.]

X. Defendant again maintains that the second information is a departure from the original and amended information. The three informations are practically the same, excepting that the original informations charged that defendant negligently, carelessly and accidentally ran against and over the body of Fitzpatrick, while the amended information charged he culpably and accidentally did this. The second amended information contained two counts, the first charging that he did this accidentally, and the second culpably. The court required the State to elect on which count it would stand, the State electing to stand on the first count. Section 3853, Revised Statutes 1919, expressly sanctions the amendment of informations in matter of form or substance at any time by leave of court before the trial. The offense charged in each information was based on the same state of facts. Under these circumstances, it is then immaterial whether the amendment was in matter of form or substance, for the amendment was within the discretion of the trial court. The crux of the offense was leaving the scene without stopping or reporting, and it was immaterial whether the injury was accidentally or culpably done, so long as the evidence conformed to the charge made and submitted.

**Departure.**

XI. The information was based on the statute found in Section 27, subdivision (f), page 103, Laws 1921, Extra Session, of the Motor Vehicle Act, which reads: "No person operating or driving a vehicle on the highway knowing that an injury has been caused to a person or damage has been caused to property, due to the culpability of said operator or driver, or to accident, shall leave the place of said injury, damage or accident without stopping and giving his name, residence, including city and street number, motor vehicle number and chauffeur's or registered operator's number, if any, to the injured party or to a police officer, or if no police officer is in the vicinity then to the nearest police station or judicial officer."

**Constitutional Statute.**

Defendant avers that the passage of the above section violated Section 55, Article IV, of the Missouri Constitution, because it was not embraced within the proclamation of the Governor, or recommended by him in a special message. It is as follows: "The General Assembly shall have no power, when convened in extra session by the Governor, to act upon subjects other than those specially designated in the proclamation by which the session is called, or recom-

mended by special message to its consideration by the Governor after it shall have been convened.''

It is evident from a reading of the constitutional provision that if the act falls within the proclamation or the special message of the Governor it is valid. The constitutionality of the Motor Vehicle Act has been upheld in a terse and well reasoned opinion by SEDDON, C., in Lauck v. Reis, 274 S. W. 827. We need not reconsider the questions there made clear. We merely state that judicial notice will be taken of the official proclamations and messages of the Governor. [Wells v. Railway, 110 Mo. 286, 19 S. W. 530, 15 L. R. A. 847.] The question then arises relative to the appositeness of the statute to the special message of the Governor, on June 22, 1921, reading: ''The subject of regulating or licensing motor vehicles, and fixing the amount and manner of collecting such registration or license fees, is probably germane to that part of the call for this session which submits the road legislation. Nevertheless, you may desire to call upon motor licenses as a means of producing a maintenance fund for the roads to be constructed and in order that there may be no doubt of it, I submit this subject also.''

We think the statute, relative to leaving the scene of accident, is comprised within the term ''regulating'' as used in the special message. Lauck v. Reis, supra, defines ''regulate,'' among others, as ''to direct by rule or restriction.'' It has also been defined as ''a rule prescribed for conduct.'' Providing for the stoppage by the operator of a motor vehicle after injury or damage, or the reporting of the same, is directing by restriction or course of conduct the operation or use of the vehicle. That it prescribes free operating after an accident and prescribes a punishment therefor fails to limit the force of the term ''regulating'' with respect to motor vehicles. In view of the recognized canon of construction that a statute it not to be held unconstitutional, unless clearly so, and that every fair and reasonable intendment in favor of its constitutionality is presumed, the assignment is ruled against defendant.

XII. Defendant finally complains of the action of the trial court in admitting evidence of what defendant did and said after the accident. If defendant means by this a relation of evidence as to his leaving the scene of accident and saying, ''We can't afford to stop now, they would hang me and you both; they've got it in for me, you know,'' there is not only no merit in the complaint, but the motion for a new trial does not preserve the exception.

**Admissions.**

Defendant further suggests that he complains of evidence relating to one Hardesty compelling Tucker at the point of a revolver to accompany him to defendant's presence, drive with them to Mem-

phis, where a ticket was bought Tucker to Albuquerque, New Mexico, and he was told they wanted him to leave the country, going no matter where. At this time the calling of Tucker as the State's witness was contemplated. This evidence was admissible in connection with other facts and circumstances as tending to show defendant's guilt, for it tends to show that he was a party to the acts.

For the error appearing the judgment is reversed and the cause remanded. *Higbee* and *Henwood, CC.,* concur.

PER CURIAM:—The foregoing opinion by DAVIS, C., is adopted as the opinion of the court. All of the judges concur.