237 S.W.2d 132 (1951)
STATE
v.
VILLINGER.
No. 41986.
Supreme Court of Missouri, Division No. 2.
February 12, 1951.
Motion for Rehearing or to Transfer to Denied March 12, 1951.
*134 I. Joel Wilson, St. Louis, for appellant.
J. E. Taylor, Atty. Gen., Frank W. Hayes, Asst. Atty. Gen., for respondent.
Motion for Rehearing or to Transfer to Court En Banc Denied March 12, 1951.
BOHLING, Commissioner.
Frederick K. Villinger appeals from a judgment imposing two years' imprisonment upon conviction of sodomy.
John Klein is the son of Robert and Louise Klein. Louise Klein is the daughter of Mrs. Frederick K. Villinger by a former marriage and the stepdaughter of defendant.
Between the dates of July 12 and 17, 1947, while his parents were on a vacation trip to Bagnell Dam, John Klein was left at the home of his grandmother and the defendant in St. Louis. He testified that on Wednesday evening, the 16th, while his grandmother was away from the house, at defendant's suggestion and prompting, each in turn "indulged in abnormal illicit practices with their mouths and private organs in defendant's home" (as stated in defendant's brief), and that defendant told him it was not wrong. Later, in October, 1947, Mrs. Klein, while on a visit to her mother's home, became suspicious and, after questioning her son, caused the arrest of defendant. We need not particularize the facts.
There was testimony that defendant admitted the commission of the offense when questioned at the police station upon his arrest.
The foregoing statement discloses there was an abundance of evidence to sustain the verdict of guilty, and defendant's point that there was no substantial competent evidence of his guilt is without merit. John Klein was born September 30, 1937. The trial was had in April, 1948. He was then over ten years of age. The record discloses he understood the obligations of an oath. He was a competent witness. State v. Herring, 268 Mo. 514, 533, 188 S.W. 169, 174[4]; State v. Anderson, 252 Mo. 83, 97(IV), 158 S.W. 817, 821 [7]; State v. Jones, Mo.Sup., 230 S.W.2d 678, 679[1]; R.S.1949, § 491.060. His testimony was corroborated by admissions made by defendant. Defendant's denial of the commission of the offense at the trial made an issue for the determination of the jury. Consent is not a defense. Consult State v. Katz, 266 Mo. 493, 181 S.W. 425, 427[5]; State v. Glazebrook, Mo.Sup., 242 S.W. 928, 932[13].
The verdict found "defendant guilty of sodomy and" assessed the punishment. The gist of defendant's complaint against the verdict is that this is a special verdict of guilty; that the offense charged is purely statutory and did not constitute sodomy at common law, and therefore the verdict will not support the judgment on account of a failure to find defendant "guilty of sodomy with the mouth," the charge in the information.
Our statutes provide a punishment for "the detestable and abominable crime against nature, committed with mankind * * *, with the sexual organs or with the mouth * * *." R.S.1949, § 563.230. The information charged defendant with the commission of the offense "with the mouth".
"A verdict will not be void for uncertainty if its meaning can be determined by reference to the record, as by reference to the indictment or information, or to the evidence and charge of the court." 23 C.J.S., Criminal Law, § 1398, p. 1078, nn. 9-11; State v. Bishop, 231 Mo. 411, 415, 133 S.W. 33, 34; State v. Tippett, 317 Mo. 319, 325(II), 296 S.W. 132, 134[3]. The instant record discloses that only one crime was before the jury, to wit: sodomy with the mouth. In these circumstances the use of the word "sodomy" in the verdict did not have the effect of changing it from a general to a special verdict, and the verdict is responsive to the issues and sufficient. State v. Bishop, supra; State v. Carroll, 288 Mo. 392, 408(V), 232 S.W. 699, 702[8]; State v. Ward, 356 Mo. 499, 501[1], 202 S.W.2d 46, 47[1, 2], and cases cited; State v. Gentry, Mo.Sup., 55 S.W.2d 941[3]; State v. Connor, 318 Mo. 592, 596(III), 300 S.W. 685, 687[4]. See also State v. McCorkendale, Mo.Sup., 300 S.W. 815, 816[4], (discussing cases stressed by defendant; for instance, State v. Holland, 162 Mo.App. 678, 145 S.W. 522, there overruled); *135 State v. Dimmick, 331 Mo. 240, 247[7,8], 53 S.W.2d 262, 265[7,9].
Defendant charges error in that the court failed to instruct on "attempted sodomy," "assault with intent to commit sodomy," "common assault" and "disturbance of the peace." He relies upon R.S. 1949, § 546.070; State v. Hoag, 232 Mo. 308, 134 S.W. 509, 510[3]; and State v. Miller, 322 Mo. 1199, 18 S.W.2d 492, 493 [3]. State v. Hoag, supra, involved a charge of attempted rape with certain evidence adduced which, if believed, established only a common assault. State v. Miller, supra, involved a conviction for attempted grand larceny. Only the record proper was before the appellate court and observations there made respecting a charge of the commission of a consummated offense being sufficient to sustain a conviction of an attempt to commit the offense did not involve the evidence adduced in the trial court. R.S. 1949, § 556.230. These cases are not controlling. Here the State's evidence established, if believed, defendant's guilt of the offense charged. Defendant's evidence, if believed, established his innocence. The issue was sodomy vel non. Thus, if any assault was committed, its purpose was sodomy; and the sodomy was consummated. Also, the evidence established the offense was the result of consent, not an assault by defendant; and the commission of an assault was not necessarily included in the offense charged. § 556.240, R.S. 1949. Section 556.160, R.S. 1949, is to the effect that one cannot be convicted of an assault with intent or of an attempt to commit a crime, where the evidence shows that the crime was perpetrated. The contention is overruled. State v. Cobb, 359 Mo. 373, 221 S.W.2d 745, 750 [15]; State v. Bird, 358 Mo. 284, 214 S. W.2d 38, 39[4]; State v. King, 342 Mo. 975, 119 S.W.2d 277, 284[13]; State v. Mason, 322 Mo. 194, 14 S.W.2d 611, 614[4-6]; State v. Gadwood, 342 Mo. 466, 489(VI), 116 S.W.2d 42, 55[16-19].
Furthermore, the point that error resulted from a failure to instruct upon the offense of "attempted sodomy" was not raised until defendant filed a supplemental motion for new trial more than fifty days after the jury returned its verdict. This was not within the time required by R.S. 1949, § 547.030, which is mandatory. State v. Loyd, Mo.Sup., 233 S.W.2d 658, 659 [1-2]. The point involving an instruction on a disturbance of the peace was first presented in defendant's brief filed here. This did not timely preserve the issue for review. State v. Londe, 345 Mo. 185, 132 S.W.2d 501, 504[6]; State v. Henderson, 356 Mo. 1072, 204 S.W.2d 774, 777[3]; State v. Powers, 350 Mo. 942, 169 S.W.2d 377, 378[4].
Defendant complains that certain evidence adduced from John Klein relating to occurrences between Klein and defendant constituted a separate and distinct offense and should not have been admitted. Several reasons exist for disallowing the point. We find no objection interposed to the evidence set out in defendant's brief. See State v. Preston, Mo.Sup., 184 S.W.2d 1015, 1016[6]; State v. Gunther, Mo.Sup., 169 S.W.2d 404, 406[3]; State v. Hepperman, 349 Mo. 681, 162 S. W.2d 878, 888[22]. The evidence related to what occurred at the time defendant committed the offense; that is, it was part of the same transaction, the res gestae. See State v. Katz, 266 Mo. 493, 181 S.W. 425, 426[3]; State v. Pfeifer, 267 Mo. 23, 183 S.W. 337, 338[2]. Consult also 22 C. J.S., Criminal Law, § 691, p. 1170, n. 69; 16 C.J. 611, § 1200; 48 Am.Jur. 551, § 5; and State v. King, 342 Mo. 975, 119 S.W. 2d 277, 283[10].
Defendant next complains of testimony establishing admissions by defendant of illicit sexual conduct of a similar kind and nature between John Klein and defendant. The court was careful to exclude testimony which might have tended to establish an offense subsequent to that for which defendant was on trial. The admissions related to what occurred as a part of the res gestae of the offense charged and was properly admitted under the authorities mentioned in the preceding paragraph. In defendant's argument he complains of Captain Drecksage's testimony on defendant's admissions. Captain Drecksage's *136 name was not endorsed on the information. Evidence establishing defendant's admissions was adduced from other witnesses by the State in chief. Defendant took the stand and denied having made the statements. Captain Drecksage was then called and testified that while at first defendant denied committing the offense later he admitted it. The fact that witness' testimony, had his name been endorsed on the information, would have been competent in chief does not destroy its admissibility in rebuttal. State v. Hall, Mo.Sup., 7 S.W.2d 1001, 1004[3,4]; State v. Jennings, 326 Mo. 1085, 34 S.W.2d 50, 53[6]; State v. Higginbotham, 335 Mo. 102, 72 S.W.2d 65, 68[2].
We have examined the record proper and find no reversible error therein.
Accordingly, the judgment is affirmed.
WESTHUES and BARRETT, CC., concur.
PER CURIAM.
The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.
All concur.