STATE *v.* HILL, DEFENDANT.

Common Pleas Court, Scioto County.

No. 19358.   Decided March 12, 1963.

*Mr. Everett Burton,* prosecuting attorney, for state.
*Mr. Ronald E. McCowen* and *Mr. Richard Eisnaugle,* for defendant.

SMITH, J.   This cause came on for hearing upon motion

of the defendant to inspect certain documents in the possession and under the control of the Scioto County Prosecutor. These documents are alleged to be statements taken from the defendant and are in the form of notes and or transcriptions thereof. It further appears to the court that defendant has set forth in his motion ten grounds as constituting a basis for granting the relief sought. An affidavit signed by the defendant has been made a part of said motion, wherein defendant asserts that he cannot recall the contents of the statements taken from him; that he is unable to relate to his attorneys the contents of the statements taken from him; that the information is material to the question of his innocence; that the information is necessary to adequately prepare his case; that he was without benefit of counsel at the time the statements were taken; that he was mentally and emotionally disturbed at the time said statements were taken from him; that previous large quantities of intoxicating liquor consumed by him had a pronounced and severe effect at the time these statements were taken from him; that a denial of this information would deprive him of a fair trial and would constitute a violation of his constitutional rights.

The memorandum in support of said motion filed by the defendant reveals the leading decisions handed down by our sister states. The defendant has also treated in detail the position which the state of Ohio occupys with respect to the immediate question. Also before the court is the memorandum submitted by the prosecutor which cites *State* v. *Sharp*, 162 Ohio St., 173, as being determinative of the issue.

The court is of the opinion that the defendant has correctly stated the issue, to wit: May a defendant before trial, where the circumstances are such as are outlined in defendant's motion and affidavit, be permitted to inspect and copy notes and or their transcriptions or to require the prosecution to furnish copies of said notes and or the transcriptions thereof, which are statements taken from the defendant?

In the *Sharp case*, the court stated at 184, ''Our courts have uniformly held that the defendant is not *entitled* to a copy of an alleged confession in the hands of the prosecuting attorney before trial. . .'' (Emphasis added.) From a careful reading of the *Sharp case*, this court believes that that decision does

not prevent this court from reaching the holding it does in the instant case. The court in *Sharp*, speaking through Mr. Justice Lamneck used the word "entitled." This, of course, is tantamount to "right," see Black, Law Dictionary (4th ed., 1951). In other words the language of the Supreme Court of Ohio clearly reveals that defendant has no right to so inspect. No one would contend by virtue of the language thus employed, that the Supreme Court of Ohio has thereby divested the trial judges of their discretion in such matters. Nor can it be denied that the inherent power of the trial court to do substantial justice is vital and fundamental to the due administration of justice. It is therefore this court's considered opinion that it is within the discretion of the trial judge, where substantial justice requires it, to allow such an inspection before trial.

Realizing that "substantial justice" is a broad concept which is not easy of definition, this court would lay down the following guides. Where a defendant seeks such an inspection it is necessary that he, by affidavit, state that he cannot recall the contents of his statement or statements. Further, he must state the circumstances giving rise to his claim that he cannot recall the contents thereof. Finally, where the defendant has retained counsel, the request must be made seasonably before trial. The circumstances of each case will govern. This opinion is limited to such an inspection of statements, confessions and admissions of the defendant and shall not be construed otherwise.

It is proper at this point to make final comment upon the decision of the *Sharp case* which is distinguishable from the instant case. There the defendant did not file an affidavit enumerating the reasons or grounds constituting a basis for the relief sought. Nor does it appear that in the trial court the defendant stated any such grounds in his motion. On the contrary, the defendant merely demanded certain transcripts and stated they contained statements by the defendant. It is also questionable whether the defendant made a seasonable request before trial.

While this court holds that it is within the discretion of the trial judge to allow such an inspection, where it is required by substantial justice, it also recognizes that there is an alternative ground upon which to predicate such a holding. Mr. Justice Zimmerman, speaking for the majority of the court in *State*

v. *Fox*, 133 Ohio St., 154, stated at 158, "Under Section 13444-1 General Code (Section 2945.41, Revised Code), the rules of evidence in civil cases in so far as applicable, shall govern all criminal causes. Counsel for the defendant in the instant case could have inspected the written confession of their client Barker in the hands of the prosecuting attorney before trial by invoking the provisions of Section 11551 et seq, General Code (Section 2317.32, Revised Code), if necessary . . . This was not done. . ."

It is noteworthy that the *Sharp case* is silent concerning the applicability of the civil statutes in criminal cases. This points up the fact that the Supreme Court of Ohio has not abrogated the discretion of the trial court in such matters. The result spoken of by Mr. Justice Zimmerman in *Fox* is in accordance and not in conflict with the present holding, however, the court prefers in the instant case to rest its holding upon the premise that the trial court has discretion to see that substantial justice is done.

THEREFORE, it is ordered and adjudged that the Scioto County Prosecutor shall immediately furnish to counsel for the defendant any and all documents in the possession and under the control of the prosecutor or law enforcement agencies, which documents are statements taken from the defendant. This order shall apply to longhand and shorthand notes, whether signed or unsigned by the defendant. Further, this order shall apply to any transcriptions thereof whether signed or unsigned by the defendant.

An entry may be drawn accordingly by counsel for defendant.