THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
MITCHELL TATE, DEFENDANT-APPELLANT.

Argued May 23, 1966—Decided June 27, 1966.

Mr. *Ralph Mayo* argued the cause for appellant (*Mr. Clifford E. Griggs,* on the brief).

Mr. *Jack Borrus,* Assistant Prosecutor, argued the cause for respondent (*Mr. Edward J. Dolan,* Middlesex County Prosecutor, attorney).

The opinion of the court was delivered by

WEINTRAUB, C. J. Defendant is under indictment for felony murder. Having ascertained that certain persons were at the scene of the crime, defendant through his representative sought to interview them. They declined to be interviewed. It is not charged the State stood in the way. On the contrary, the prosecutor asserts he advised the witnesses they could speak to defendant's counsel or investigator if they wished, and the prosecutor "even offered to arrange for the defendant's counsel to meet with the witnesses." Not disputing that the witnesses on their own chose not to speak, defendant moved for an order permitting him to take their depositions in advance of trial, solely for the purpose of discovery. The trial court denied the motion, and we granted defendant leave to appeal.

## I.

Our rules of court do not authorize pretrial discovery in criminal matters by way of deposition of witnesses. Depositions may be taken of a material witness for the defend-

ant, but only for use at trial because of the anticipated inability of the witness to be there. *R. R.* 3:5–8(a). Defendant disavows that need, and seeks pretrial disclosure solely to learn what the witnesses know.

██ Defendant acknowledges our rules of court do not authorize the relief he seeks, but he says it is due him under both the State and Federal Constitutions. He refers to *Article* I, ¶ 10 of the State Constitution and to the Sixth Amendment to the Federal Constitution, specifically to the provisions assuring a defendant the right to have compulsory process for obtaining witnesses in his favor, the right to have the assistance of counsel, and the right to be confronted with the witnesses against him.

Defendant cites no case which sees in any of these constitutional provisions, or in due process of law, a right to pretrial depositions of possible witnesses. Such expressions as can be found hold the other way. See *Jones v. Superior Court of Nevada County,* 58 *Cal.* 2d 56, 22 *Cal. Rptr.* 879, 881, 372 *P.* 2d 919, 921, 96 *A. L. R.* 2d 1213 (*Sup. Ct.* 1962); *State v. Lampp,* 155 *So.* 2d 10 (*Fla. D. Ct. App.* 1963), appeal dismissed 166 *So.* 2d 891 (*Fla. Sup. Ct.* 1964); *Kardy v. Shook,* 237 *Md.* 524, 207 *A.* 2d 83, 93 (*Ct. App.* 1965). Pretrial discovery of witnesses by deposition appears to be authorized in only one State, and there not by constitutional command but by statute enacted after the judiciary had declined to grant such relief. See *State v. Mahoney,* 122 *Vt.* 456, 176 *A.* 2d 747 (*Sup. Ct.* 1961), and *Reed v. Allen,* 121 *Vt.* 202, 153 *A.* 2d 74, 73 *A. L. R.* 2d 1161 (*Sup. Ct.* 1959). California, which has gone a good distance in providing pretrial discovery in criminal matters, has declined to permit such depositions. Traynor, "Ground Lost and Found in Criminal Discovery," 39 *N. Y. U. L. Rev.* 228, 245 (1964); *People v. Mersino,* 46 *Cal. Rptr.* 821, 824 (*D. Ct. App.* 1965).

 Under our practice, a defendant has a considerable opportunity for discovery. Bills of particulars may be had. A defendant's own statement to the police or the grand jury

may be examined before trial, *State v. Johnson,* 28 *N. J.* 133 (1958) ; *State v. Clement,* 40 *N. J.* 139 (1963) ; *cf. State v. Moffa,* 36 *N. J.* 219 (1961). Where, because of insanity, a defendant was unable to aid his counsel in reconstructing the criminal event, we ordered the State to permit pretrial inspection of both grand jury testimony and statements taken by the State from persons other than the defendant. *State v. Farmer,* 45 *N. J.* 520 (1965). At trial, a defendant is entitled to receive, in order to cross-examine a State's witness who has testified, any statement the witness made to the police or the grand jury. *State v. Mucci,* 25 *N. J.* 423 (1957) ; *State v. Hunt,* 25 *N. J.* 514 (1958) ; *State v. Di Modica,* 40 *N. J.* 404 (1963) ; *State v. Gallicchio,* 44 *N. J.* 540, 548 (1965).

And so here defendant was able to learn who the possible witnesses are. Further, the State represents that it will produce all of them as witnesses, thus relieving defendant of his fear that one or more may not appear and that thereby testimony useful to the defense will be lost. In this regard, the prosecutor acknowledges his heavy ethical duty to produce at the trial, or to disclose to the defense before trial and sufficiently so to be meaningful, any information in his file helpful to the accused. In these circumstances, we see no constitutional difficulty.

## II.

The question whether our rules should nonetheless be amended to permit discovery by deposition in criminal cases is another matter. See *State v. Johnson, supra,* 28 *N. J.,* at *p.* 143. No doubt the defendant in a criminal case, especially one who had no prior relation with the victim of the offense, has little practical opportunity to investigate. By the time he is charged and a private investigator retained, the scene has changed, and trails, if there were any, have been obliterated. *State v. Johnson, supra,* 28 *N. J.,* at *p.* 142.

Perhaps the investigatorial arms of government should be deemed the impartial servants of the defense as well as the

prosecution, with the work product available to both, subject only to such restrictions as the personal security of a witness may demand. In a sense that proposition would be but an extension of the settled view that the prosecution must seek only a just result, and that the duty is the State's to produce or offer to the defendant whatever it has that could help him. To open the State's file before trial would have the virtue of relieving the prosecutor of the burden of deciding correctly what should be revealed in obedience to his ethical obligation. Further, the defense may see significance in facts which to the prosecutor are but neutral. Again, if the public investigatorial services were the impartial servants of both the prosecution and the defense, there could be saved the cost of individual investigations which we may assume will continue to mount as more and more indigent defendants ask for private investigators at public expense. Finally, there is the related question whether the State's file should be opened only on the reciprocal condition that the defendant reveal his defense and the identity of his witnesses.

Whether a defendant should have the right to discovery by deposition is more troublesome. We have no experience of our own upon which to draw. We know the criminal process is already heavily encumbered, so much so that, despite the constitutional goal of a speedy trial and the evident public interest in such a disposition, criminal matters drag along, seemingly without end. We know the process would be protracted still more if we added a right to discovery by deposition, especially if indigent defendants, of whom we have so many and who have nothing whatever to lose, should insist routinely upon it. In short, we must weigh the impact of that practice upon a judicial system which already is unable to keep the criminal list current. We must consider too the impact of such discovery upon the victims and witnesses of crime.

As we have said, we have no experience of our own to draw upon. Perhaps the experience in the State of Vermont, which alone permits such discovery, can shed light on how

we would fare. We could not look to the effect of such depositions in civil matters. For one thing, its use in criminal matters would probably be far more extensive. Further, we could not assume that discovery by deposition would relieve the criminal trial calendar in the way in which it frees the civil list. The out-of-court settlement, the dividend so often realized through depositions in civil matters, is not a prospect in criminal cases. For one thing, there can be no settlement, in that sense, of a criminal case, and for another, pretrial discovery in civil cases is particularly effective because of the weaknesses revealed by the examination of the parties themselves, whereas, in criminal matters, the defendant could not thus be examined, unless discovery by deposition by him is conditioned, if constitutionally it may, upon his agreement to submit to a like examination.

Overall we have taken substantial strides in the area of criminal pretrial discovery. No doubt other jurisdictions have done more in one regard or another. See Brennan, "The Criminal Prosecution: Sporting Event or Quest for Truth?" 1963 *Wash. U. L. Q.* 279; Traynor, *supra,* 39 *N. Y. U. L. Rev.* 228. Whether our rules should be amended to go further cannot be decided satisfactorily within the confines of a particular case. The topic can be explored more satisfactorily in the rule-making process at hearings open to all who might contribute to a solution. To that end, we are scheduling hearings, the first of which will be at the Judicial Seminar scheduled for this September.

The order is affirmed.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*For reversal*—None.