STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v. EUGENE FRANKLIN, DEFENDANT-APPELLANT.

Argued February 6, 1967—Decided May 8, 1967.

*Mr. Barry H. Evenchick,* Assistant County Prosecutor, argued the cause for respondent, State of New Jersey (*Mr. Brendan T. Byrne,* County Prosecutor of Essex County, Attorney).

*Mr. Matthew P. Boylan* argued the cause for appellant.

The opinion of the court was delivered by

HANEMAN, J. Franklin appeals as a matter of right from the imposition of a sentence of life imprisonment based upon a verdict finding him guilty of murder in the first degree.

Defendant advances a number of grounds for reversal of the judgment. For the purpose of this opinion it is presently necessary to consider only his argument that the court erred in failing to compel Carrie Pitts, the principal state witness, to submit to a psychiatric examination which might have indicated that her mental condition was such as would have provided a basis for challenging her competency as a witness.

Prior to trial, defendant sought and obtained an order appointing a psychiatrist to examine the State's main witness for competency. When Carrie Pitts refused to submit to such an examination defendant moved for an order compelling her submission. The motion was denied. Defendant did not, however, renew his motion nor object to her competency at trial as would have been the better practice. *State v. Butler,* 27 *N. J.* 560, 604 (1958).

There can be no question of the power of the court to order such an examination. *State v. Butler, supra; State*

*v. Moffa,* 36 *N. J.* 219, 222 (1961). We believe such an examination should have been ordered here. Not only was it revealed to the court that Carrie Pitts had once been committed to the New Jersey State Hospital for the insane but the court's very order appointing a psychiatrist indicates that the court had some doubt on the issue of competency.

Whether the court's failure to order the examination is of such a magnitude as to warrant reversal cannot be determined in the absence of knowledge of what that examination would have revealed.

In order that we may have a complete record, we direct that Carrie Pitts submit herself to the psychiatrist heretofore named for a psychiatric examination. Thereafter the testimony of the psychiatrist shall be taken before the trial judge. Upon consideration of that testimony and any additional evidence which may be offered by the parties, the trial judge shall rule on her competency and if he finds her competent, shall comment upon whether such further evidence could, nonetheless, have changed the result of the trial. The matter is remanded for that purpose. The additional record with the trial court's ruling shall be returned to us, together with additional briefs on the ruling of the trial judge. The losing party shall file the first brief and the prevailing party the answering brief. See *State v. Vigliano,* 47 *N. J.* 504, 507 (1966) ; *State v. LePierre,* 39 *N. J.* 156, 163 (1963), *cert.* denied *Bisignano v. New Jersey,* 374 *U. S.* 852, 83 *Sup. Ct.* 1920, 10 *L. Ed. 2d* 1073 (1963). In the interim we shall retain jurisdiction.

Remanded for further proceedings consistent with the foregoing.

*For remandment*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, HALL, SCHETTINO and HANEMAN—6.