**Susie Mae DOAKES, Petitioner,**

v.

**DISTRICT COURT OF OKLAHOMA COUN-TY, State of Oklahoma, and Honorable Boston Smith, Respondent.**

**No. A–15003.**

Court of Criminal Appeals of Oklahoma.

Nov. 27, 1968.

Edwin J. Shapard, Oklahoma City, for petitioner.

Curtis Harris, Dist. Atty., James Mc-Kinney, Asst. Dist. Atty., for respondent.

PER CURIAM:

This is an original proceeding in which Susie Mae Doakes has petitioned this Court for a writ of mandamus directing the District Court of Oklahoma County, Oklahoma, to allow the Petitioner or her counsel to inspect certain statements, reports, and articles in the possession of the district attorney. This matter then came on for hearing before the Referee of this Court on November 6, 1968.

It appears that Petitioner is charged with the crime of manslaughter in the first degree, Case No. 34702, in the District Court of Oklahoma County, State of Oklahoma. On October 11, 1968, Petitioner filed a "Motion To Disclose Evidence Favorable To Defendant" in the District Court wherein she requested inspection of certain statements, reports, and material necessary to her defense. It is upon the ruling of the District Court denying disclosure of certain items that Petitioner brings this action.

It is alleged that on the day of Petitioner's arrest, June 5, 1968, she and her three children, without benefit of legal counsel, and after lengthy interrogation, gave statements to investigating officers and Petitioner's statement was reduced to writing and signed. Petitioner claims that she was nervous, upset and distraught at the time of her interrogation, and is now unable to recall her statement with sufficient detail to assist her counsel in preparation of a defense. Petitioner is uneducated, and unfamiliar with the law having no former criminal record. The alleged crime took place at the home of the Petitioner in the presence of her children. The victim is the reported common law husband of the Petitioner and allegedly precipitated the disturbance resulting in the crime.

The items which Petitioner sought for pre-trial examination are as follows: (1) A confession or statement given by Petitioner, Susie Mae Doakes, upon or shortly after her arrest on June 5, 1968. (2) Statements given by the Petitioner's minor children, Helen Tunley, age 12, Beverly Tunley, age 9 and the statement of Petitioner's daughter Doris Tunley, age 21. (3) A copy of the complete record and FBI "Rap Sheet" of Howard Augustus Buford, the victim. (4) Inspection of a .32 Caliber Smith and Wesson revolver, No. 117163, the reported death weapon and all reports and results of finger print tests, if any, made on said weapon. (5) Inspection of a knife allegedly belonging to Howard Augustus Buford found at the scene of the crime and, if any, reports and results of finger print tests made on such knife. (6) A copy and inspection of all reports and pictures concerning the crime made by the investigating officers of the Oklahoma City Police Department.

On November 12, 1968, in order to prevent an unnecessary delay in the trial of Petitioner, this Court issued an order in this cause granting the pre-trial inspection of (1) the statement of the Petitioner, (2) the reported death weapon and any reports concerning it, and (3) any knife found at the scene of the crime and reports concerning same. We find that Petitioner is not entitled to pre-trial inspection of the other items requested.

We denied the pre-trial inspection of the statements given by Petitioner's children and the inspection of all pictures and reports concerning the crime made by the investigating officers on the basis of our ruling in Shapard v. State, Okl.Cr., 437 P.2d 565, wherein this Court held in the

sixteenth paragraph of its syllabus as follows:

"An accused is not entitled to discovery and inspection of statements of a prosecution witness in the possession of the state, of the transcript of the statement of a state witness taken before a prosecuting officer preparatory to trial, or of the 'work product' of the prosecutor consisting of statements signed by *others than the defendant*." (emphasis added)

■ Likewise we denied pre-trial inspection on the demand of the Petitioner of an FBI "Rap Sheet" of the victim for the reason that the District Attorney denied having such in his possession, or that such would be used in evidence at Petitioner's trial, and because such a report is more in the nature of the work product of the prosecution rather than a technical report containing information otherwise unavailable to a defendant.

■■ The pre-trial examination of the reported death weapon and a knife allegedly found at the scene of the crime and reports concerning same was granted on the basis of our ruling in Layman v. State, Okl.Cr., 355 P.2d 444, and State ex rel. Sadler v. Lackey, Okl.Cr., 319 P.2d 610. As this court stated in the second and third paragraph of its syllabus in Sadler v. State ex rel. Lackey, supra:

"The defendant has no inherent right to examination of the state's evidence in the hope that something may turn up which would aid or supply clues for gathering evidence.

"In the interest of justice, for good cause shown, where the denial of pre-trial inspection of a report in the possession of the prosecution might result in a miscarriage of justice, the trial court has the inherent right in exercise of sound judicial discretion to grant the remedy of pre-trial inspection of a report in the prosecution's possession where the primary source is no longer in existence and the report constitutes the only available source of evidentiary information."

As regards the pre-trial inspection of the accused's confession, the United States Supreme Court has on at least two occasions noted that it is the "better practice" for the prosecution to comply with the request for pre-trial inspection of a defendant's confession by his counsel. Cicenia v. La Gay, 357 U.S. 504, 511, 78 S.Ct. 1297, 2 L.Ed.2d 1523, 1529 (1958). Leland v. Oregon, 343 U.S. 790, 801, 72 S.Ct. 1002, 96 L.Ed. 1302, 1310 (1952).

Other jurisdictions which have had the opportunity to rule upon the inspection before trial of a defendant's confession by defendant or his counsel have generally followed a modern trend allowing such inspection. In State v. Hill, Ohio Com.Pl., 191 N.E.2d 235, 237 (1965), the Ohio Court held that although a defendant has no absolute right to an inspection such a request rests in a court's discretion and "where substantial justice requires it" an inspection will be allowed. In State v. Tate, 47 N.J. 352, 221 A.2d 12, 14 (1966), the New Jersey Supreme Court held a "defendant's own statement to the police or the grand jury may be examined before trial [citations]." In Louisiana all evidence relating to a criminal trial in the possession of the prosecuting authority is privileged and the accused is not entitled to inspection of such with the exception of a written confession of the accused which may be examined by accused or his counsel prior to trial. State v. Johnson, 249 La. 950, 192 So.2d 135 (1966). In Louisiana before trial "the defendant is entitled to inspect and copy his written confession * * *." State v. Bickham, 239 La. 1094, 121 So.2d 207, 210 (1960). Also see Commonwealth v. Giles, Mass., 228 N.E. 2d 70 (1967); Mears v. State, Nev., 422 P. 2d 230 (1967); Ortega v. People, Colo., 426 P.2d 180 (1967); Bolin v. State, 219 Tenn. 4, 405 S.W.2d 768 (1966).

In Powell v. Superior Court, 48 Cal.2d 704, 312 P.2d 698 (1957), the defendant prior to his trial alleged that he had forgotten what he had said in his statement given to the police. The California court in issuing a writ of mandamus allowing the

defendant to examine his confession prior to his trial held:

"[I]t nevertheless is a widely recognized rule that application for pretrial inspection of a signed confession or admission or transcript of statements of an accused may be made by the latter and is addressed to the sound judicial discretion of the trial court, which has inherent power to order such an inspection in the interest of justice." 312 P.2d, at 700.

The California Court in support of its decision quoted from State v. Tippett, 317 Mo. 319, 296 S.W. 132 (1927), wherein defendant was allowed a pre-trial inspection of his statement given to the police:

"That it was desired that the state's evidence remain undisclosed, partakes of the nature of a game, rather than judicial procedure. The state in its might and power ought to be and is too jealous of according a defendant a fair and impartial trial to hinder him in intelligently preparing his defense * * *." 296 S.W., at 135.

The California Supreme Court in Cash v. Superior Court, 53 Cal.2d 72, 346 P.2d 407 (1959), issued a writ of mandate to allow a defendant a pre-trial inspection of recordings or transcripts of conversations between him and a police officer.

Here the Court held:

"The basis for requiring pre-trial production of material in the hands of the prosecution is the fundamental principle that an accused is entitled to a fair trial." 346 P.2d, at 408.

In granting relief the court pointed out that to deny production

"* * * would be to lose sight of the purpose of a trial, which is the ascertainment of the truth; that nondisclosure partakes of the nature of a game; and that a state is so solicitous of according a defendant a fair trial that it will not hinder him in the preparation of his defense by depriving him of competent material and relevant evidence." 346 P.2d, at 408.

\* \* \* \* \* \*

"The importance to petitioner of knowing the details of the conversations [between himself and the police] must be considered in connection with his inability to remember what was said." 346 P.2d, at 409.

■ We concur with the United States Supreme Court that it is the better practice for the prosecution to comply with a request for pre-trial inspection of a defendant's confession by his counsel particularly in light of the requirements of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694, 10 A.L.R.3rd 974. In the instant case Petitioner, an uneducated woman unfamiliar with legal proceedings, is unable to recall the content of her signed statement given to the police without benefit of counsel while she was under the stress and confusion of an alleged attack, killing, and subsequent police interrogation. Petitioner's counsel should not be unnecessarily hindered in the preparation of a defense. In this setting nondisclosure of the confession takes on the nature of a game rather than a judicial procedure affording accused a fair and just trial especially where disclosure would result in no prejudice to the prosecution.

■ Therefore, we conclude that where an accused gives a statement to the police under distressing circumstances without benefit of counsel and is later unable to remember what he said in the statement in order to assist counsel in his defense, substantial justice requires the prosecution to allow the accused or his counsel a pre-trial inspection of such statement. Writ granted in part.

This application was assigned to the Referee, Mr. Penn Lerblance, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.