**Vernal C. MELTON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17358.**

Court of Criminal Appeals of Oklahoma.

June 13, 1973.

Kenneth N. McKinney, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Raymond Naifeh, Asst. Atty. Gen., for appellee.

OPINION

BLISS, Presiding Judge:

In the District Court of Oklahoma County, Case No. CRM–71–1194, appellant, Vernal C. Melton, hereinafter referred to as defendant, was charged, tried and convicted for the offense of Exhibiting Obscene Movies. His punishment was fixed at six (6) months in the County Jail and he was assessed a fine of one thousand dollars ($1,000). From said judgment and sentence, he has perfected a timely appeal to this Court.

As this case requires reversal, a detailed statement of facts is not necessary. Suffice it to say that on or about October 21, 1971, defendant exhibited the film "Bizarre Sex Practices" at the Midwest Theatre, Oklahoma City, Oklahoma. From that showing the instant criminal prosecution culminated.

It is submitted in defense counsel's first proposition the trial court erred in denying the defense a pretrial inspection of the movie. Prior to trial defense counsel made timely application for an inspection of the above mentioned film and properly perfected his record on the date of trial by requesting a continuance. Counsel submits the trial court's denial of discovery prejudiced the presentation of his defense as it was necessary for the defense to review the film prior to trial as he desired to submit expert testimony upon the factual question of obscenity. Counsel contends

the denial of a pretrial viewing of the film prejudiced the presentation of his defense as he was precluded from presenting the desired expert testimony.

In the case of State ex rel. Sadler v. Lackey, Okl.Cr., 319 P.2d 610, this Court stated as follows in the second and third paragraphs of its Syllabus:

> "The defendant has no inherent right to examination of the state's evidence in the hope that something may turn up which would aid or supply clues for gathering evidence.
>
> "In the interest of justice, for good cause shown, where the denial of pretrial inspection of a report in the possession of the prosecution might result in a miscarriage of justice, the trial court has the inherent right in exercise of sound judicial discretion to grant the remedy of pretrial inspection of report in the prosecution's possession where the primary source is no longer in existence and the report constitutes the only available source of evidentiary information."

In construing the above rule, this Court in Doakes v. District Court of Oklahoma County, Okl.Cr., 447 P.2d 461 held a defendant charged with manslaughter was entitled to a pretrial examination of a reported death weapon and knife allegedly found at the scene of the crime.

After a study of the circumstances surrounding a prosecution of this nature, it is this Court's opinion that upon timely application of the defense for an inspection of a film which is the subject of an obscenity prosecution, the trial court must grant the defense its requested viewing. The very nature of an obscenity case, when, as in the instant case, the defendant admits showing the film, requires an inspection by defense counsel. The only factual issue to be tried by the jury is whether the subject matter of the film is obscene. In defending against this one narrow issue, expert testimony traditionally has played an important role in the defense of such a charge. To deprive defense counsel of a viewing of the film would create a serious threat to his preparation of evidence for that defense. For that reason, we find reversible error in the instant case was committed in the same manner as if the defense had been denied an inspection of implements of a crime.

BUSSEY and BRETT, JJ., concur.