**Robert HAMM, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–73–45.**

Court of Criminal Appeals of Oklahoma.

Nov. 19, 1973.

Douglas Garrett, Muskogee, for appellant.

Larry Derryberry, Atty. Gen., Kenneth L. Delashaw, Jr., Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Robert Hamm, hereinafter referred to as defendant, and defendant Edmondson were charged, tried and convicted in the District Court, Muskogee County, Case No. CRF–72–239, for the offense of Murder, defendants' punishment was fixed

at life imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

We do not deem it necessary to recite the statement of facts inasmuch as the same were set forth in the companion case of Edmondson v. State, Okl.Cr., 515 P.2d 1158.

■ The first proposition asserts that the trial court erred in allowing the testimony of Shirley Johnson Hamm, by virtue of her status as defendant's common-law wife. The record reflects that the trial court conducted an in camera proceeding to determine the relationship between the defendant and the witness. Defendant Hamm and other witnesses testified that defendant continued to live with Shirley as husband and wife after the divorce. Shirley testified that defendant continued to live with her after the divorce against her will by using force and that she did not consider herself married to defendant. The trial court thereupon ruled that a common-law marriage did not exist and permitted the witness to testify. We concur with the trial court's finding. In Fulbright v. State, Okl.Cr., 508 P.2d 688 in dealing with a similar fact situation, we stated:

"In Chapman v. State, 84 Okl.Cr. 41, 178 P.2d 638, we stated:

'* * * A common law relationship is contractual, just as is a ceremonial marriage. It must be founded upon a mutual agreement, to enter into a matrimonial relation, permanent and exclusive of all others, between parties capable of entering into such a contract; consummated by their cohabitation as man and wife as well as their open assumption of other marital duties. When such a claim is made, it must be supported by proof of these elements, Bothwell v. Way, 44 Okl. 555, 145 P. 350. The mere fact of living together, even if accompanied by cohabitation, does not constitute marriage, but only evidence thereof tending to raise a presumption thereof, Gustin v.

Carshall, 156 Okl. 173, 10 P.2d 250. Such a relationship, to be valid, must be supported by the recognition of the marriage relation by the parties themselves, by holding out each other as the husband and wife, respectively, Davis v. Reeder, 102 Okl. 106, 226 P. 880. In the absence of children, the evidence to establish such relationship must be clear and convincing. Moreover, the proof of the reputation of the relationship must be general and not special, or divided, Richard v. Richard, 172 Okl. 397, 45 P.2d 101. * * *'"

■ The second proposition contends that the trial court erred in denying defendant's pretrial motion to inspect the ballistics report. We are of the opinion that the trial court should have sustained defendant's motion for pretrial inspection. In Wing v. State, Okl.Cr., 490 P.2d 1376, we stated:

"As to pre-trial discovery and inspection of articles in the possession of prosecuting authorities, this Court has held there should be disclosure of technical reports, an alleged death weapon with reports concerning same, . . . ." (footnotes omitted)

In the instant case the attorney general has supplemented the record to include the ballistics report which reflects that the test was inconclusive as to whether the bullet was fired from the gun because of the damage to the bullet. In *Wing* supra, we stated:

"A criminal trial is not a game of hide and seek, and we are committed to the concept of full pretrial discovery where reasonable and practical. However, in the case at bar defendant has not sustained his burden of proof showing a prejudicial denial of pre-trial inspection of items in the possession of the State. Defendant's motion was general in terms, and he has not shown any material prejudice or injury resulting from the

denial. Defendant did not ask for a continuance on the basis of the denial of inspection, nor did he seek an extraordinary writ before trial. See Doakes v. District Court, supra [Okl.Cr., 447 P. 2d 461]. We will not reverse a conviction on the mere speculation that a denied pretrial inspection and disclosure might have been helpful to the defendant. . ."

▮ The final proposition asserts that the district attorney made inflammatory remarks in his closing argument. We have carefully examined each of the alleged improper remarks and find that in each instance defendant failed to properly preserve the matter by both objection and request of admonition. In *Fulbright*, supra, we stated:

"We next observe that although the defendant objected to portions of the alleged improper argument of the prosecuting attorney, no request was made that the jury be instructed to disregard the improper statement nor was a motion for mistrial made. In Overstreet v. State, Okl.Cr., 483 P.2d 738, we stated:

'* * * We have previously held that if counsel wishes to preserve the record during closing argument of the State, that when an objectional statement is made by the prosecuting attorney, it should be called to the attention of the court by timely objection, together with a request that the jury be instructed to disregard the improper statement and in the event that the objection is overruled, an exception should be taken to the ruling of the court, preserved and argued in the Motion for New Trial. When this is not done, the matter cannot be presented for the first time in the Motion for New Trial and in the Petition in Error and briefs on appeal. * * *'"

In conclusion, we observe that the record is free of any error which would require reversal or justify modification. The judgment and sentence is affirmed.

BRETT, J., concurs.

BLISS, P. J., not participating.