622 A.2d 1368

THE STATE OF NEW JERSEY v. JOSEPH HARRIS, DEFENDANT.

Superior Court of New Jersey
Law Division Bergen County

Decided January 29, 1993.

*Sharyn Peiffer*, Assistant Prosecutor, for the State.
*Wakely Paul* for the defendant.

## OPINION

SULLIVAN, J.S.C.

Joseph Harris has been indicted in a thirty-nine count indictment including, purposely or knowingly causing the death or serious bodily injury resulting in the death of several individuals. The State has indicated it will seek the death penalty.

The defendant, Joseph Harris, moved before this court for an order compelling certain fellow employees of the defendant to testify to any and all unusual and bizarre conduct exhibited by the defendant during the course of work. The defense claims the State's discovery reveals that the defendant according to his fellow employees behaved in a strange and irrational way

during his employment at the Ridgewood Post Office. When the defense investigator attempted to contact these individuals, the investigator was told by their supervisor that they would not give any statements unless ordered to do so by the court.

The defense claims the said information is vital to the preparation of an insanity defense. In addition, the defense claims the information may also be relevant as to why the death penalty should not be imposed.

The defense did not submit any brief or cite any law that would allow the defense in a criminal case to take depositions of possible witnesses where there is no indication the witness would be unavailable at the time of trial. A review of the current law indicates the defense has no right to demand the court to order these witnesses to give statements to the defense against their will.

The issue before this court is whether the defense in a capital murder case may ask this court to order proposed witnesses to give statements to the defense where the witnesses refuse and the defense has not shown the court the witnesses will be unavailable at trial.

*R.* 3:13–2 is the controlling court rule with regard to the taking of a deposition in a criminal case. The rule permits the court to order the taking of a deposition only if it appears that a "material witness is likely to be unable to testify at trial because of death or physical or mental incapacity" and that a deposition would be necessary in order to prevent a "manifest injustice." *Id.* There is no indication by the defense that the fellow employees of the defendant would not be able to testify at trial.

The defense makes no mention of *R.* 3:13–2 in its motion papers or certification. In fact the defense relies on two civil discovery rules, *R.* 4:10–2 and *R.* 4:14–3 as authority enabling this court to grant its motion. Both rules refer to discovery in a civil case and allow for depositions. The civil rules are specifically much broader than the deposition rule or the discov-

ery rules in a criminal matter. In fact, the criminal section has its own specific rules with regard to discovery, *R.* 3:13–3 and *R.* 3:13–4. *R.* 3:13–4 specifically addresses additional discovery that the court may allow in a "capital case" and contains no allowance for the taking of a deposition of a witness. The defense's reliance upon civil discovery rules to allow for the taking of a deposition in this matter is clearly erroneous and the defense has not met the necessary requirements contained in *R.* 3:13–2.

In the Federal Rules of Criminal Procedure, (Fed. R.Crim.P. 15), one finds the taking of depositions very similar in nature and form to that of the New Jersey Court Rule for the taking of depositions, *R.* 3:13–2. Both the State and the Federal rules require exceptional circumstances to exist before a deposition in a criminal case may be taken. The United States Court of Appeals in *United States v. Steele*, 685 *F.*2d 793, 809 (3rd Cir.1982), *cert. denied*, 459 *U.S.* 908, 103 *S.Ct.* 213, 74 *L.Ed.*2d 170 (1982), stated:

> We recognize that Fed.R.Crim.P. 15 which provides for the taking of depositions in criminal cases, does not authorize their use as means of discovery.

Furthermore, as the State cited in its brief, the New Jersey Supreme Court Committee on Criminal Practice has stated, the deposition procedure in the criminal rules was ". . . not intended as a discovery tool [but rather] . . . as a mechanism to preserve testimony for later use at trial." 118 *N.J.L.J.* Index Page 139 (1986). The legislatures for both the Federal Rules of Criminal Procedure and the New Jersey Court Rules for criminal procedure did not intend for depositions to be used as a discovery tool.

The New Jersey Courts have upon two occasions been confronted with the issue of whether to grant defense counsel the right to depose witnesses. In *State v. Tate*, 47 *N.J.* 352, 221 *A.*2d 12 (1966), the defendant was under indictment for felony murder. The defense wanted to interview certain witnesses who were at the scene of the crime; however, the witnesses refused to be interviewed. The defendant then moved for an

order permitting him to take depositions of the witnesses, prior to trial, solely for the purpose of discovery. The trial court denied the motion and the New Jersey Supreme Court affirmed and stated:

> Our rules of court do not authorize pretrial discovery in criminal matters by way of deposition of witnesses. Depositions may be taken of a material witness for the defendant, but only for use at trial because of the anticipated inability to be there. *R.R.* 3:5–8(a). Defendant disavows that need, and seeks pretrial disclosure solely to learn what the witnesses know. *Id.* at 353–354; citing source rule *R.R.* 3:5–8(a) now codified in *R.* 3:13–2.

The Court in *Tate* called for a judicial seminar to discuss pretrial discovery in criminal cases, specifically with regard to the taking of depositions. *Id.* at 357, 221 *A.*2d 12. In *State v. Montague*, 55 *N.J.* 387, 395, 262 A.2d 398 (1970) the Court discussed the results of the judicial seminar and noted that following the seminar the criminal rules of discovery were expanded and the result was an amended court rule, *R.* 3:13–3. However, the Legislature never created a criminal rule to allow the use of depositions as a discovery tool.

In *State v. Boiardo*, 172 *N.J.* Super. 528, 412 *A.*2d 1084 (Law.Div.1980), the defense requested the court to grant the right to interview a witness whose whereabouts were unknown because the witness was in federal protective custody in a witness relocation program. The court held the defense had a right to interview any witnesses, but that right "is subject to the acquiescence of the witness who has the right to refuse an interview." *Id.* at 530, 412 *A.*2d 1084; citing *Lewis v. Ct. of Common Pleas of Lebanon Cty.*, 436 *Pa.* 296, 260 *A.*2d 184, 189 (Sup.Ct.1969), and *United States v. Rice*, 550 *F.*2d 1364 (5 Cir.1977), *cert. denied*, 434 *U.S.* 954, 98 *S.Ct.* 478, 54 *L.Ed.*2d 312 (1977).

■ The law of this State is clear, the defense must abide by the New Jersey Criminal Court Rules, specifically *R.* 3:13–2 which specifically outlines the requirements for taking a deposition in a criminal case. The defense is not prohibited from interviewing any proposed witnesses. However, the defense must abide by a proposed witness's refusal to testify unless the

defense can demonstrate to the court (1) the witness will be unable to testify at trial, and (2) such action is necessary in order to prevent a "manifest injustice". *R.* 3:13–2. The defendant has not fulfilled either requirement and; therefore, the defendant's motion is hereby denied.